E. M. BRINK, Appellant, v. J. H. COUTTS, County Treasurer, Appellee.

County Warrants: RIGHT TO SET OFF DELINQUENT TAXES. Where B. held claims against a county, which he assigned to the plaintiff, to whom the board of supervisors allowed them, and to whom a warrant was issued therefor upon the county treasurer, and the auditor, by authority of the supervisors, when he issued the warrant, stamped upon it the following: "This warrant is subject to any delinquent tax due Cedar county from the person to whom it is issued," held, that the warrant was issued to the plaintiff, and not to his assignor, and that the treasurer had no right to deduct from the amount thereof delinquent taxes due the county from the plaintiff's assignor.

*Appeal from Cedar District Court.*—HON. J. H. PRES-
TON, Judge.

TUESDAY, JANUARY 24, 1893.

THE defendant is the treasurer of Cedar county,
and this action is to recover the amount of two war-
rants issued by the board of supervisors of Cedar
county, and presented to the defendant for payment,
and payment refused. The case is before us on the
certificate of the trial judge, the amount in controversy
being less than one hundred dollars, and it is as
follows:

"One Bagley, having two claims against Cedar
county for fees in criminal cases, as marshal or consta-
ble, assigned those claims to plaintiff, Brink, who
presented the same to the board of supervisors of
Cedar county, and they were indorsed as allowed, and
orders issued therefor,—one for seventeen dollars to
'E. N. Brink, as assignee of Bagley, or bearer;' and
one for five dollars to 'W. H. Bagley assigned to Brink,
or bearer,'—the auditor stamping upon the warrant the
following: "This warrant is subject to any delinquent
tax due Cedar county by party to whom it is issued."
Now, the questions of law are: *First.* Has the county
treasurer a right to offset the delinquent taxes of said
Bagley against the said orders in the hands of plaintiff,
Brink, who is admitted to be the assignee of Bagley?
*Second.* The board of supervisors having allowed the
claims without their making any offset of the taxes of
Bagley, can the treasurer, without further proceedings,
refuse to pay the orders unless taxes delinquent against
Bagley are deducted therefrom, said taxes having been
delinquent before the claims were presented to the
board by Brink, and before they, the claims, were
assigned to Brink?          J. H. PRESTON,
                                    "Judge."

The district court gave judgment for the defendant, and the plaintiff appeals.—*Reversed.*

*Wolf & Hanly*, for appellant.

*Sam S. Wright*, for appellee.

GRANGER, J.—Particular care as to the facts will aid much to a correct solution of this case. If the first question is answered in the negative, the second becomes entirely immaterial, because the facts in the case are without dispute, and a negative answer would authorize a judgment for the plaintiff. The only ground upon which the right to offset the taxes is urged is the indorsement on the orders in the following language: "This warrant is subject to any delinquent tax due Cedar county by the party to whom it is issued." To whom were these orders issued? Bagley assigned the accounts to the plaintiff. The plaintiff presented them to the board of supervisors, and it, in express terms, recognized the assignment, and issued the orders to him. So far as the record shows, Bagley never knew of the presentation of the accounts by Brink for payment, or of the issuance of the orders. He was in no way a party to that transaction. If it were a question of a right to set off the taxes against the account, the case might be different, and the points in argument more appropriate. It is, then, solely a question of who was affected by the indorsement of the orders. The board of supervisors made or directed the indorsement, and Brink accepted it. The name of Bagley appears, not as the claimant, but as an assignor of the accounts, for which the orders issued. His name appears in the transaction only in identification of the claim. Brink was the party to whom the order issued, and, by the express terms of the indorsement, only taxes due from him could be offset against them. To the question if the taxes due from Bagley

could be offset, we answer, "No." There should be, under the issues presented, a judgment for the plaintiff. REVERSED.